IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HECTOR MULERO-ALGARIN**
**Petitioner,**

v.

**JERRY C. MARTINEZ, et al.,**
**Respondents.**

**Civil No. 11-1447 (GAG)**

### OPINION AND ORDER

On April 27, 2011, Hector Mulero-Algarin, federal inmate number 23201-069 ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 3). Petitioner alleges that Jerry C. Martinez, Warden of the Metropolitan Detention Center - Guaynabo in Cataño, Puerto Rico ("MDC"), and Maria Rodriguez, Petitioner's case manager (collectively "Respondents"), dismissed a halfway house placement decision made by the Bureau of Prisons ("BOP") staff at Petitioner's previous place of imprisonment. On August 23, 2011, Respondents answered the petition (Docket No. 13). On September 12, 2011, Respondents filed a motion to dismiss advising the court that Petitioner was no longer confined at a prison (Docket No. 14).

After reviewing the pleadings and pertinent law, the court **GRANTS** Respondents' motion to dismiss at Docket No. 14.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On October 24, 2002, Petitioner was sentenced to serve a 135-month term of imprisonment for violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance). (See Docket No. 3 at 2 ¶ 2.) On December 9, 2008, Petitioner received a BOP administrative

disciplinary sanction for a violation of Code 108 (possession of a hazardous tool), while incarcerated at a federal facility in Miami, Florida. (See Docket No. 13-3 at 2.) As a result, Petitioner was transferred to the Federal Corrections Institution in Ray Brook, New York ("FCI Ray Brook") on May 14, 2009. While serving at FCI Ray Brook, Petitioner received another disciplinary sanction for a violation of Code 307 (refusal to obey an order). (See Docket No. 13-3 at 3.)

In December 2010, Petitioner was evaluated for Residential Reentry Center ("RRC"),[1] or halfway house, placement by his Unit Team at FCI Ray Brook. (See Docket No. 3 at 2 ¶ 2.) The staff at FCI Ray Brook recommended a 150-day RRC placement for the remainder of his sentence, starting on March 30, 2011. (See id.)

Petitioner was scheduled to board a commercial flight from New York to Puerto Rico on March 30, 2011–date on which he was expected at the halfway house Volunteers of America in Santurce, Puerto Rico– but, instead, was sent to MDC on February 28, 2011. (See Docket No. 3 at 2-3 ¶ 2.) On March 28, 2011, Petitioner's case manager at MDC, Maria Rodriguez, conducted Petitioner's initial classification and disallowed Petitioner's the RRC placement recommended by FCI Ray Brook. (See Docket No. 3 at 3 ¶ 2.)

On May 19, 2011, Petitioner filed a habeas corpus petition (Docket No. 3). Petitioner claimed to have suffered irreparable harm after the MDC staff refused to accept FCI Ray Brook's RRC placement recommendation. (See Docket No. 3 at 7 ¶ 6.) Petitioner avers that, by not properly

---

[1] The term Community Corrections Center (CCC) was replaced by Residential Reentry Center (RRC) a few years ago. The purpose of the RRC is to facilitate inmates' reentry to the community after a period of incarceration, by providing a structured, supervised environment and support in job placement, counseling, and other services. The RRC helps inmates rebuild their ties to the community and find suitable employment and housing, while personnel supervise offenders' activities during this readjustment phase.

considering the five factors set forth in 18 U.S.C § 3621(b), Respondents violated a congressional statute, as well as BOP policy on RRC placement. (See id.) Additionally, Petitioner claimed that, by cancelling his RRC placement only 29 days after he arrived at MDC, the MDC staff failed to objectively consider "the history and characteristics of the prisoner." (See id.); see also 18 U.S.C. § 3621.

Respondents answered Petitioner's habeas corpus petition (Docket No. 13) on August 23, 2011. Respondents argued that Petitioner had failed to exhaust the administrative remedies related to his RRC placement referral. (See Docket No. 13 at 9.) Respondents further argued that Petitioner received an individualized evaluation of his RRC placement, and the staff determined he was not to be transferred to a RRC facility, based on the five factors mandated by 18 U.S.C. § 3621(b). (See Docket No. 13 at 13-14.)

Petitioner was released from custody on September 2, 2011. (See Docket No. 14-1.) On September 12, 2011, Respondents filed a motion to dismiss petition for habeas corpus advising the court that Petitioner was no longer confined at MDC. (See Docket No. 14.)

## II.   LEGAL ANALYSIS

Because Petitioner was released from the MDC on September 2, 2011, Plaintiff's habeas corpus petition is moot. Dao v. Melville, 2003 WL 23825850 (N.D. Ga. 2003); see Spencer v. Kemna, 523 U.S. 1, 6 (1998) ("[T]he sentences at issue here have expired, petitioner is no longer 'in custody' . . . and his claim for habeas corpus relief is moot."). Petitioner has served his sentence and is no longer incarcerated at MDC. There is no active case or controversy for the court to decide. Delfort v. Gonzales, 2007 WL 1302751 (S.D. Ala. May 3, 2007). "Article III prohibits federal courts from deciding moot cases or controversies –that is, those in which the issues presented are no longer

live or the parties lack a legally cognizable interest in the outcome." United States v. Reid, 369 F.3d 619, 624 (1st Cir. 2004) (citations omitted) (internal quotation marks omitted).  Under Article III, "courts have no authority to decide questions that cannot affect the right of the litigants before them." Ramirez v. Rodriguez, 389 F. Supp. 2d 143, 146 (D.P.R. 2005) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).  Accordingly, the court finds Petitioner's claim for habeas corpus relief is subject to dismissal.

### III. CONCLUSION

For the reasons aforementioned, Respondents' motion to dismiss (Docket No. 14) is **GRANTED**.  Accordingly, the court **DENIES AS MOOT** Petitioner's request for habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 3) and **DISMISSES** the same.

**SO ORDERED.**

In San Juan, Puerto Rico this 5th day of October, 2011.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge